## Meade v. Equitable Credit & Discount Co.

*Samuel Melnick*, for plaintiff.

*Feldman & Feldman*, and *Wollman, Tracey, Schlesinger & Salus*, for defendants.

DiNUBILE, J., May 14, 1959.—Plaintiff filed a complaint in assumpsit alleging that after repossession of his automobile, defendant, Equitable Credit & Discount Co., breached an oral agreement to return said automobile to plaintiff and instead turned the automobile over to the other defendant, Apex Auto Repair Company, which retains possession of the automobile. Both defendants filed answers and defendant, Apex Auto Re-

pair Company, filed a counterclaim. The case was submitted to arbitration and, on September 4, 1958, the arbitrators filed a report and award finding for both defendants on plaintiff's claim, and in favor of plaintiff, Carl B. Meade, upon the counterclaim of defendant, Apex Auto Repair Company.

Plaintiff filed an appeal from the award of the arbitrators on September 24, 1958. By rule of the Municipal Court of Philadelphia, Rule VI A(I) of the rules governing arbitration, appellant must serve notice of the appeal upon the adverse party or his counsel.

On October 18, 1958, defendants were notified that the case was listed for trial on November 5, 1958. On October 28, 1958, defendant, Apex Auto Repair Company, filed a rule to quash the appeal from the award of the arbitrators on the ground that neither defendant nor its counsel received notice of the appeal.

On October 29, 1958, plaintiff, by his attorney, Samuel Melnick, filed an answer averring that notice of the appeal was forwarded by mail to defendant, Apex Auto Repair Company, and a copy of the alleged letter of notice was attached to the answer. On November 3, 1958, defendant, Equitable Credit & Discount Co., filed a motion to quash the appeal, also on the ground that no notice of the appeal was received either by the said defendant or its attorney. On November 5, 1958, Mr. Melnick filed an answer admitting that no notice was sent to this defendant through a "mere technical oversight on the part of himself."

On November 24, 1958, we directed that depositions be taken to establish the facts as to receipt of notice by Apex Auto Repair Company. Depositions were taken and were filed on December 26, 1958.

Although we were reluctant to disbelieve the statement of an attorney, the record of this case is so clear that we have no alternative. The alleged letter of notice

dated September 24, 1958, was sent by Mr. Melnick directly to the party defendant and not to its counsel. It was received by said party on October 30, 1958, in an envelope postmarked October 29, 1958, the same day that Mr. Melnick received in the mail a copy of the motion to quash the appeal sent to him by the attorney for the Apex Auto Repair Company.

Of course had Mr. Melnick addressed a letter to the other defendant, dated September 24, 1958, and also received by it on October 30, 1958, the complete falsity of his position would be manifest. Instead he elected to stand on the position that no notice was sent to this one defendant because of his "technical oversight."

There is no question of the power of this court to formulate reasonable rules governing all phases of arbitration to implement the statute providing for compulsory arbitration. The rule requiring notice of appeal is a reasonable rule, and the court is empowered to strike off an appeal where the rule requiring notice is not complied with: Barry v. Randolph, 3 Binney 276 (1810).

The questionable conduct of plaintiff's attorney precludes any granting of leniency or indulgence in construing our rule of court in this instance. The rules of both defendants to quash the appeal are made absolute.

We may further add that, although the certiorari from the Superior Court was filed in the office of our clerk of court on February 27, 1959, we received no notice of the appeal to the Superior Court from Mr. Melnick as attorney for appellant. Our first notice of this appeal came on May 5, 1959, when we received the record for certification.